

The following constitutes the order of the Court.
Signed: May 3, 2019

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

THOMAS B. McNEMAR,

    Debtor.

Case No. 18-40208 CN
Chapter 11

**ORDER SUSTAINING CLAIM OBJECTION**

On April 25, 2019, this court conducted a hearing on Chapter 11 debtor Thomas McNemar's objection to the amended proof of claim filed by Cindy McNemar, his estranged spouse. All appearances were noted on the record. For the reasons stated below, the court sustains the objection to her proof of claim.

Chapter 11 debtor Thomas McNemar ("Dr. McNemar") filed this Chapter 11 case in the midst of a contentious dissolution action with his wife, Cindy McNemar ("Mrs. McNemar"). When Dr. McNemar filed his Chapter 11, the Contra Costa County Superior Court (the venue for the McNemars' dissolution action) had not divided the parties' community property nor awarded any form of equalizing payment regarding the community property. The only established, pre-petition family law "debt" owed by Dr. McNemar to Mrs. McNemar appears to temporary spousal support.

Mrs. McNemar filed her initial proof of claim for $1,840,500.00 on May 25, 2018. Her claim reflected Dr. McNemar's ongoing support obligation and Mrs. McNemar's asserted interest in the marital estate's community property. The court sustained Dr. McNemar's objection to this proof of claim, and Mrs. McNemar filed an amended proof of claim for $1,250,000.00 on December 18,

1

2018. No documentation is attached to the proof of claim, and the proof of claim simply states that "Claimant is Debtor's Wife; ½ Debtor's Estimate Estate of $2.5M." Dr. McNemar objected to the amended proof of claim on the ground that the Bankruptcy Code precludes Mrs. McNemar's demand for an interest in the community property as a matter of law. When pressed during the April 25th hearing to explain the basis of the amended proof of claim, Cindy McNemar's attorney stated that the claim reflected Mrs. McNemar's right to one-half of the remaining community property after payments are made to creditors through a confirmed Chapter 11 plan. Mrs. McNemar's counsel did not contend that there were any factual disputes that required an evidentiary hearing. Moreover, her counsel has never sought relief from the automatic stay to allow the Contra Costa County Superior Court to resolve any issue regarding the division of community property or her right to an equalizing payment of any kind.

A proof of claim is deemed allowed unless a party in interest objects under Bankruptcy Code § 502(a). The proof of claim constitutes "prima facie evidence of the validity and amount of the claim" under Federal Rule of Bankruptcy Procedure 3001(f). "Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carryover a mere formal objection, without more." To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." . . . The ultimate burden of persuasion remains at all times upon the claimant." [citations omitted.] *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Here, neither party asserts that there is a question of fact that this court must resolve through an evidentiary hearing. Instead, the parties agree that the validity of Mrs. McNemar's amended proof of claim can be resolved as a matter of law. Under Bankruptcy Code § 541(a)(2), community property is property of the bankruptcy estate. Accordingly, "all community property not yet divided by a state court at the time of the bankruptcy filing is property of the bankruptcy estate." *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998). Simply asserting an interest in marital community property (and nothing more) cannot, then, constitute a claim, which requires some form of a "right to payment." See Bankruptcy Code § 101(5)(A). Again, Mrs. McNemar has not argued that her pre-petition community property interest may

2

ORDER SUSTAINING CLAIM OBJECTION
Case: 18-40208   Doc# 147   Filed: 05/03/19   Entered: 05/03/19 16:00:53   Page 2 of 4

translate, some day, into a right for money. *See In re Emelity,* 251 B.R. 151, 155 (Bankr. S.D. Cal. 2000); *In re Mack,* 2009 U.S. Dist. LEXIS 88913, *27-29 (D. Nevada 2009); *In re Mooney,* 532 B.R. 313 (Bankr. D. Idaho 2015); *In re Kostenko,* 2015 Bankr. LEXIS 2261. *28 (Bankr. 9th Cir. 2015); *In re Marriage of Seligman,* 14 Cal.App. 4th 300, 309 (Cal. Ct. App. 4d. 1993). She therefore has not demonstrated that she is entitled to any kind of payment from the bankruptcy estate. Good cause appearing, and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that Thomas McNemar's objection to Cindy McNemar's Amended Proof of Claim #12 is SUSTAINED.

* * * END OF ORDER * * *

Case No. 18-40208 CN

**COURT SERVICE LIST**

All recipients are ECF participants

4

**ORDER SUSTAINING CLAIM OBJECTION**
Case: 18-40208    Doc# 147    Filed: 05/03/19    Entered: 05/03/19 16:00:53    Page 4 of 4